Marshall, C. J.
 

 This is an error proceeding from the Public Utilities Commission seeking to reverse an order of the commission wherein one R. L. Craig, an operator of trucks for hire, was adjudged to have ceased to be a private contract carrier and to have become a common carrier.
 

 The pertinent facts disclosed at the hearing before the Public Utilities Commission were that Craig had been in the business of hauling merchandise for hire in and about the city of Urbana since 1912; that he had secured a certificate from the Public Utilities Commission to operate as a common carrier in irregular service upon an affidavit stating that he was so operating on the 28th day of April, 1923. It appears that there was no change in the kind and character of his service during all the time since 1912, but that the certificate which he had secured by affidavit was permitted to lapse. Evidence was further adduced showing that Craig advertised to haul live stock, and that at one time he exhibited a sign bearing the inscription, “Local and Long Distance Hauling.” Craig himself testified before the commission to the effect that he was partly hauling for himself in the furtherance of his own business, and that his trucks, during a part of the time, were used in hauling for others for hire. In the course of his examination, thé question was asked, “You would haul for anybody
 
 *514
 
 that would come to you, if you were not too busy in your own work and you could agree on the price and your equipment would handle the stuff?” To which he answered, “Yes, sir.” He further testified that from 50 to 60 per cent, of the volume of his business was in hauling for others for hire, and that 50 to 60 per cent, of his income was from that source.
 

 The Legislature, in Section 614-84, General Code, ' par. (c), has conferred jurisdiction upon the commission as follows:
 

 “And the commission is given jurisdiction to receive, hear and determine any complaint that may be filed in good faith against any private contract carrier that it has ceased to be such and has become a common carrier.”
 

 That section also provides the procedure for the exercise of such jurisdiction. Section 614-85 provides:
 

 “No motor transportation company, its lessees, trustees, receivers or trustees appointed by any court whatsoever, shall operate any motor propelled vehicle for the transportation of persons or property, or both, for hire, on any public highway in this state except in accordance with the provisions of this chapter.”
 

 Other provisions of the chapter make provision for regulation of motor transportation companies, governing the sphere of such operations, the kind and character of the service, the rates to be charged, and matters of taxation and insurance. If Craig is a common carrier, he is amenable to these regulations, and, if he is a private carrier, it follows that the order should be reversed.
 

 
 *515
 
 Whether or not he is a “motor transportation company” and a common carrier must be determined by reference to the definition of a “motor transportation company,” as found in Sections 614-2 and 614-84. Without quoting those sections in full, it is sufficient to say that the definition is very broad, and includes any person owning and operating any motor-propelled vehicle used in the business of transportation of persons or property, for hire, under private contract, or for the public in general, over any public highway in this state. It is true that both of those sections in which the term is defined exclude private contract carriers.
 

 It is insisted by Craig that there has been no dedication of his property to public use, and that his use of trucks in hauling for others, as a source of revenue, on the highways of the state, does not constitute him a common carrier.
 

 In the case of
 
 Hissem
 
 v.
 
 Guran,
 
 112 Ohio St., 59, 146 N. E., 808, it was declared that a person who hauled merchandise for others over the highways of the state, under private contracts with certain patrons, and did no hauling for persons other than those with whom he had such definite contracts, lacked some of the essential elements of a common carrier, and that it was not within the power of the Legislature to make a hauler a common carrier by legislative fiat, where no service of a public character was in fact being rendered.
 

 The instant case is essentially different from the case of
 
 Hissem
 
 v.
 
 Guran.
 
 Craig does hold himself out to the public as an applicant for patronage, and does dedicate his property, in some measure at
 
 *516
 
 least, to public use, and does receive a transportation revenue from such patronage, and does use tbe highways of the state as one of the facilities and instrumentalities of his business. To hold that Craig is a private carrier for no other reason than that he uses his trucks and equipment partly in his own business would have the result of completely nullifying the attempted regulation of bus and truck service. To avoid regulation, and the payment of taxes, and carrying insurance, and other requirements now imposed, it would only be necessary for each holder to transact some business for himself and to use his equipment for that purpose.
 

 The question involved in the instant case is one of legislative power to regulate bus and truck service. While the facts of this case indicate that the service in which Craig is employing his trucks might lack some of the elements of a strictly technical definition o'f a common carrier, the Legislature must be held to have an unusual latitude in regulating bus and truck service where the public highways are being employed. Busses and trucks could not render utility service except for the existence of improved highways. The state is investing each year millions of dollars in constructing and repairing and improving the highways, and one source of revenue is found in the taxation of busses and trucks used in public utility service. A liberal rule must therefore be applied in determining the power of the Legislature to provide rules and regulations for such operation.
 

 The character of the service rendered by Craig is
 
 *517
 
 in many respects similar to taxicab service rendered in cities. To hold that Craig is not rendering public utility service would require a similar declaration as to all taxicab service. The Supreme Court of the state of Washington had under consideration a very similar proposition in the case of
 
 Cushing
 
 v.
 
 White,
 
 101 Wash., 172, 172 P., 229, L. R. A., 1918F, 463. The opinion in that case reviews at length many authorities. That court reached the same conclusion that this court has reached in the instant case. The order of the commission must be affirmed.
 

 Order affirmed.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.