Marshall, C. J.
 

 Causes Nos. 19873, 19866, 19868, 19875, and 19876 are error proceedings from the Public Utilities Commission to review an order of the commission, wherein, pursuant to an application on the part of Bert Dillon of Barnesville, Ohio, a certificate of convenience and necessity was granted to operate a motor transportation freight service over an irregular route covering all the roads, streets, and public highways in the state of Ohio. The order granted the right to operate an irregular route, without specifying in the order any schedules of trips or rates, leaving such matters for the future determination of the commission.
 

 
 *495
 
 Bert Dillon, the applicant, resides at Barnesville, Ohio, and notice of the application was given only by publication in the Barnesville Enterprise, a newspaper published in Barnesville, Ohio. No publication was made in any other newspaper within the state of Ohio, and no service was made upon any other transportation company within the state of Ohio. Protests were, however, filed on behalf of the New York Central Bailroad Company and other transportation companies, and a hearing was had at which the protestants were represented and an opportunity offered to introduce evidence.
 

 The first question arising upon this record relates to the sufficiency of the published notice. The statute requires that notice shall be given by publication once a week for three weeks in a newspaper of general circulation, published at the county seat of each county in or through which the applicant proposes to operate, or in one newspaper published in and of general circulation throughout the territory in or through which the applicant proposes to operate.
 

 Formal proof was made that the Barnesville Enterprise has a general circulation throughout the state of Ohio. There being no testimony offered to rebut the formal proof thus made, it presents a matter of some difficulty on the part of this court to determine in an error proceeding that the Barnes-ville Enterprise does not have general circulation throughout the state. It is significant, however, that this court, in the recent case of
 
 Lake Shore Electric Ry. Co.
 
 v.
 
 Public Utilities Comm.,
 
 cause No. 19509,
 
 ante,
 
 311, 154 N. E., 239, determined
 
 *496
 
 that publication of an application for an irregular passenger service covering the entire state was not sufficient though the notice was published in the Cincinnati Enquirer, the Cleveland Plain Dealer, the Columbus Evening Dispatch, the Dayton Journal, and the Steubenville Herald-Star. This court cannot fail to take judicial notice of the superior advertising facilities of those combined papers over the single publication of the Barnesville Enterprise.
 

 It is further significant that orders of the commission in other causes, which were heard at about the same time, and which matters are being reviewed by this court in a consolidated hearing, also involved the question of sufficiency of published notice. In one of those cases, namely, No. 19872, the Toledo News Bee was the medium of publication, and the commission only found in that case that the Toledo News Bee had a general circulation in Lucas county, and the certificate was accordingly limited to the roads, streets, and highways within Lucas county.
 

 This record presents nothing essentially different from the matters which were under consideration and which were determined in the
 
 Lake Shore Electric Railway case,
 
 No. 19509,
 
 supra.
 
 All of the discussion in that case about the definition of an irregular route has equal application to the instant case.
 

 The discussion relating to Section 614-87, General Code, relative to the allowance of a certificate covering a route having the effect of pre-empting the field as to other and later applicants, has also
 
 *497
 
 equal application to the instant case. It should he added in this connection that before granting a certificate of convenience and necessity, either for freight or passenger transportation, having a statewide range and application, the commission should determine the existence of the need of such transportation facilities in all parts of the state where the route may be operated, and this finding of necessity should be based upon something more than a general knowledge of conditions by the commission. There should be no pre-emption in favor of an applicant of a large territory throughout the state, unless there is a showing by testimony of such necessity; and there should also be a showing of ability on the part of the applicant to supply that need adequately before granting a certificate of such sweeping range, carrying, as it does, a franchise of great potential value.
 

 It is further significant in the instant case that while in the
 
 Lake Shore Electric Railway case
 
 there was a reservation in the order itself that the operation should not be made between a point of origin and a point of destination, which are located upon the route of an existing transportation company, it was held in that case that such a reservation did not save the order from being unreasonable and unlawful; but it should be pointed out in the instant case that the failure to make such reservation and exception renders the order in the instant case more flagrantly unreasonable and unlawful.
 

 It is conceded that there are at least 100 regular freight transportation routes in the state of Ohio,
 
 *498
 
 and it must be apparent that any irregular route, without any reservations for the protection of the regular routes, would permit any operator of an irregular route to specialize in rendering service for patrons over a route already regularly certificated, and thereby ruinously affect any such regular operator. This point was discussed in the oral arguments, and it was stated that in such event the commission had the power to regulate such an evil and to compel the irregular operator to desist from such character of competition. Such an argument amounts to an admission that such an emergency would call for regulation. By the same token, it amounts to an admission that the order in the instant case is couched in too general terms. The commission should not, under any circumstances, in granting a certificate, give general and unlimited authority which later may require the commission to exercise the usual functions of a traffic court. We find nothing in the statutes conferring powers upon the commission which give it the right to regulate the conduct of certificate holders otherwise than to compel them to obey the provisions of the order wherein the certificate is granted. It would certainly not be sound policy to approve an order in the most general terms, which terms, on the face of the order, are unreasonable, and to justify such affirmance on the theory that evils which will necessarily arise and grow out of the order can be corrected from time to time by the commission, in its discretion. Any apparent evils which might result from an order of the commission should be safeguarded by ex
 
 *499
 
 ceptions and reservations in the order itself, and not he left to the discretion of the commission in the determination of a special complaint.
 

 It was found in the
 
 Lake Shore Electric Railway Co. case
 
 that passenger bus service could only be certificated in counties where the proper notice was given, where a showing of necessity was made. The same reasons must apply with equal force in freight tr ansp ortation.
 

 In oral argument there was a discussion as to whether freight motor transportation was a public utility and the operator was a common carrier. In view of the finding of this court in the case of
 
 Craig
 
 v.
 
 Public Utilities Comm.,
 
 No. 19954,
 
 post,
 
 512, 154 N. E., 795, concurrently decided, there can be no doubt that the applicant in the instant ease is a common carrier. There is, however, no showing of convenience and necessity throughout all the state of Ohio, and no sufficient notice given of the application to justify an order applying to any county except Belmont county. There are doubtless many things about freight motor transportation which are not common to passenger motor transportation which would justify a differentiation in regulations, but such differentiation should be recognized and provided for by legislation. The commission is an arm of the Legislature and an administrative body, having only such powers as are specifically granted. Section 499-6, G-eneral Code, confers upon the commission authority to adopt and publish rules to govern its proceedings, and to regulate the mode and manner of investigations, but nowhere in the stat
 
 *500
 
 ute is any power delegated to the commission to make any general rules other than for the government of its own proceedings. Many of the things which the commission has sought to do in the instant case could only be done, in the absence of specific authority, on the theory that power has been delegated to the commission to broaden the legislative provisions in order to make the same operative.
 

 For the same reasons that the order of the commission was reversed in
 
 Lake Shore Electric Ry. Co.
 
 v.
 
 Public Utilities Commission,
 
 No. 19509,
 
 supra,
 
 the order of the commission in causes numbered 19873, 19866, 19868, 19875, and 19876 must be reversed.
 

 The other causes, which were heard concurrently, involve somewhat different principles. Cause No. 19867 arises out of the application of one Enoch Wood for an irregular certificate out of Coalton, Ohio, in Jackson county. The publication was made in the Wellston Telegram only, and the proof showed that it was a newspaper published and having a general circulation in Jackson county, Ohio, and the commission granted the certificate, but limited the operation to passable roads, streets, and highways in Jackson county. There was some evidence tending to show necessity, and the order in that case, being limited to a single county, the same will be affirmed.
 

 Cause No. 19872 involved an application of Ayers & Grallup to operate an irregular route out of Lyons, Ohio, in Lucas county. The notice was
 
 *501
 
 regular so far as Lucas county was concerned, being published in the Toledo News Bee, and, the operation being confined to that county, the order in that case will be affirmed.
 

 Cause No. 20008 involved the application for an irregular certificate by Harold W. Bower, of Genoa, Ohio. Notice was published in the Toledo News Bee, a paper found to be of general circulation in the territory sought to be served. Mr. Bower’s certificate authorized him to haul over an irregular route, but limited such hauling to road materials; that being the particular business in which he was engaged. The route not being confined to a single county, the order is subject to the same infirmities as No. 19873, and the order must therefore be reversed.
 

 Cause No. 20007 involved the application of D. D. Moore for an irregular route covering all the roads, highways, and streets in the state, and the publication was first made in the Martins Ferry Times. The showing of the breadth of the publication not being sufficient, further leave was given, and publication was made in the Columbus Evening Dispatch, and thereafter the order was granted. This order is therefore subject to the same infirmities as No. 19873, and the order will therefore be reversed.
 

 Cause No. 19877 involved an irregular certificate issued to Dickson and Patterson of Camden, Butler county, Ohio. The publication was made in a Butler county newspaper, and the operation was
 
 *502
 
 limited to that county. The order in that case will therefore he affirmed.
 

 Cause No. 19872 being confined to a single county, the order will he affirmed.
 

 Causes Nos. 19873, 19866, 19868, 19875, 19876, 20007, and 20008 will be reversed.
 

 Causes Nos. 19867, 19872, and 19877 will he affirmed.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.