## PUB UTILITIES COMM v BOUGHTONVILLE FARMERS EXG CO

Ohio Appeals, 6th Dist, Huron Co

No 271.  Decided Feb 16, 1931

E. G. Martin, Norwalk, and T. J. Herbert, Cleveland, for Comm.

Young & Young, Norwalk, for Exchange Co.

454

WILLIAMS, J.

The facts in the instant case, however, are peculiar and the precise question presented is an open one in Ohio.

The defendant, Edward Starkey, is and for some time has been engaged in the hauling of livestock raised by various farmers surrounding Boughtonville, Huron County, Ohio, to Cleveland to be disposed of in the Cleveland Union Stockyards. The livestock has always been transported by him under a contract between him and the defendant The Boughtonville Farmers Exchange Company, by the terms of which the defendant Starkey acted as an independent contractor in operating the trucks and the defendant company made the arrangements for hauling with the farmers, and after the sale at the stockyards, remitted the proceeds of the sale less yardage and commission charged at the stockyards and sixty cents per hundred for the hauling by truck. The sixty cents was divided, ten cents to the defendant company and fifty cents to the defendant Starkey. There is no question that the defendant furnished the transportation for livestock to all farmers who sought it, up to the limit of the capacity of the trucks of the defendant Starkey. Counsel for the defendants does not contend that there is not a holding out to the public indiscriminately to carry all livestock that is offered, but maintains that in each instance there is a bona fide sale of the livestock to the defendant company and then it merely transports the stock as its own, and that as the defendant Starkey hauls exclusively for that company, that the transaction does not come within the inhibition against operating without a certificate of public convenience and necessity.

The defendant Starkey has always, upon getting the load of livestock, given a statement showing what the load was composed of. Since the trial of the case in the court of common pleas, the defendant company has prepared a new form of statement to be so used in future transactions, and this court has been requested by counsel for both the plaintiff and the defendants to consider the cause in the light of this paper, which has been introduced in evidence. This paper reads as follows:

"                    Sale Bill
              ................, 1930

Sold to
The Boughtonville Farmers Exchange Co. The following livestock
Kind    No. Head   Marks or description
Hogs
Cattle
Sheep
Calves
Poultry
Eggs

The title passes to buyer from seller upon the signing of this instrument. Price to be computed at $.60 below the price received by buyer at Cleveland Union Stockyards, whose weights are accepted by both parties. Buyer has three days to make payment.

...............................
                                    Seller
The Boughtonville Farmers Exchange Co. By
..............................
                                    Agent
                                    Buyer."

It is true that if the defendant company purchased and paid for the stock and then caused it to be transported to Cleveland under special contract with an operator of a truck who did no other work of transportation, such truck operator would not be a common carrier.

The method of doing business in the instant case, however, amounted to nothing more or less than a plan of transporting livestock for the public in that vicinity at a charge of sixty cents per hundred. It was merely a device which enabled the truck owner to carry on the work of a common carrier through the defendant company. If such a device could be used to evade the law, all truck owners engaged in transporting goods to market as common carriers could operate under special contract with another person or a corporation and avoid the legal necessity of obtaining a certificate of public convenience and necessity.

The plaintiff is entitled to an injunction as prayed for in the petition. Decree accordingly.

Lloyd and Richards, JJ, concur.