By the Court
 

 (Marshall, C. J.).
 

 This is a proceeding in error to review an order of the Public Utilities Commission which originated as a citation against C. Sheets
 
 &
 
 Sons, and an order to show cause why there should not be an order and finding declaring respondent, C. Sheets & Sons, to be a motor transportation company, and therefore subject to regulation as such. Eespondent claims to be a private carrier and not subject to regulation.
 

 The errors assigned in the petition in error are that the finding and orders of the commission are manifestly against the weight of the evidence and contrary to and in violation of law. The commission found that the respondent was a public utility subject to regulation, and, inasmuch as it had never been certificated as a motor transportation company, it was ordered to “cease from operating or
 
 *344
 
 attempting to operate motor transportation service for the carriage of property upon and over the public highways of the State of Ohio, in violation of the law.” Shorn of its technicalities, it is the claim of respondent that the evidence does not justify the finding that it is a public utility, and that therefore, as a legal proposition, the order to cease operating is both unreasonable and unlawful.
 

 At the hearing before the commission the respondent followed the same course as shown by the record in cause No. 23056 in this court, entitled
 
 Mouser, Rogers and Moore
 
 v.
 
 Public Utilities Commission, post,
 
 425, the respondent refusing to answer certain questions on the ground that the answers would tend to incriminate him.
 

 This present proceeding does not seek to test the right to claim the constitutional immunity from testifying, because the commission found enough evidence without the testimony of the respondent to warrant the order to cease operating. Much of the brief of the respondent before the commission, the plaintiff in error in this court, was occupied with the claim that if it is not a motor transportation company an order to cease operating is unlawful. If the finding of fact by the commission was not justified, those cases would be applicable and decisive. If, on the other hand, the order was justified by the evidence, they can have no application. The respondent is entitled to a judicial review of the evidence adduced before the commission, and it is the duty of this court to carefully consider the record to determine whether the finding of the commission is manifestly against the weight of the evidence.
 

 
 *345
 
 Prior to issuing the citation the commission detailed a special investigator, one S. W. Lawrence, who interviewed Cornelius Sheets, the senior member of the firm, and made other investigation as to the character of the business and the manner of conducting it, and made an official report which was introduced in evidence at the hearing. This report sets forth that in the course of his interview with Mr. Sheets the following statement was made:
 

 “Mr. Sheets states that he and his sons operate four trucks, three of which are suitable for long distance moving and general hauling. He states that about three years ago, he attempted to obtain a certificate, but that it was refused. He states that he is entitled to a living and is taking all the long distance hauling he can get. He states he has been reported to the Commission by Ed Lee, a certificated hauler, because he is sore that Sheets & Son are getting their share of the long distance hauling.
 

 “He states that they have no record of their various long distance moves, and that he will continue doing long distance hauling, and that the State can’t stop him, as long as he pays his truck license plate tax. ’ ’
 

 The report further stated that the trucks carry the name and words, “Local & Long Distance Hauling,” and that the following lettering is on the office window at 449 First Street, Toledo, Ohio:
 

 “C. Sheets & Sons
 

 “Local & Long Distance Hauling
 

 “Taylor 0659”
 

 An advertisement appearing in the Toledo telephone directory contained the statement:
 

 “Sheets & Sons
 

 
 *346
 
 “East Toledo’s Oldest and
 

 “Most Careful Movers.
 

 “Moving and Storage
 

 “And Long Distance Moving.
 

 “Expert Piano Moving.
 

 “Vans Every Load Insured.
 

 “Taylor 0659. 449 First St.”
 

 Appended to the report of the investigator was a statement of one particular shipment of household goods made from Toledo, Ohio, to Ft. Wayne, Indiana, of one van load of household goods. The only other testimony was that of Cornelius Sheets, who was called as a witness and sworn. After answering certain questions, he refused to answer further questions. Some of the questions asked and answered are as follows:
 

 “Q. Asa matter of fact, you are running the business, is that it? A. Yes, sir.
 

 “Q. Now, what is your business, Mr. Sheets? A. Why, the most of my business is moving household goods.
 

 “Q. Where is your place located? A. 449 First Street, East City.
 

 “Q. East City in Toledo, Ohio? A. Yes, sir.
 

 “Q. Will you describe the trucks you operate, are they moving vans or otherwise, or other type of trucks ? A. Why, one is a stake body and the other is covered.
 

 “Q. Covered van bodies? A. Well, only two canopy tops and the other is panel body.
 

 “Q. Now, what kind of property do you usually haul: general freight, or some specific kind of property? A. Well, I suppose I better refuse to answer, I guess.”
 

 
 *347
 
 Thereafter the examiner for the commission asked numerous questions as to the character of the business conducted by Mr. Sheets, which, if answered, would have clearly shown whether the business was that of a private carrier or that of a public utility. That is to say, if the business was in fact that of hauling only under individual contracts, where there was no holding out to the public of a willingness to transport goods for the public generally, to the limit of his capacity, such facts could have been shown by full and frank answers to the questions. No effort was made to compel Mr. Sheets to testify. The only question before this court, however, is whether the official report of the investigator, containing evidence of advertisements, signs on the office door and on the moving vans, shipments shown to have been made, admissions of Mr. Sheets to the investigator, and the testimony in fact given by Mr. Sheets on the witness stand, are sufficient to show that the business was that of a common carrier, as defined by the previous decisions of this court.
 

 Whether or not the respondent is a motor transportation company is declared by Section 614-84, G-eneral Code, to be a question of fact to be found by the commission. The legal principles to guide that determination have been declared by this court in
 
 Craig
 
 v.
 
 Public Utilities Commission,
 
 115 Ohio St., 512, 154 N. E., 795, and in
 
 Breuer
 
 v.
 
 Public Utilities Commission,
 
 118 Ohio St., 95, 160 N. E., 623. In those cases the rule as to what constitutes a common carrier is declared, and it is further declared to be a question of fact whether one charged as a common carrier comes within such rule. Applying the tests of those cases, we find that the conclusions
 
 *348
 
 reached by the commission were not manifestly against the weight of the evidence. Its order is therefore affirmed.
 

 Order affirmed.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.