*552
 
 Stephenson, J.
 

 In this opinion the plaintiff in error will be referred to as the railroad company and the defendant in error as the commission.
 

 The power and jurisdiction of the commission is delegated by Section 614-3, General Code:
 

 “The public utilities commission of Ohio is hereby vested with the power and jurisdiction to supervise and regulate ‘public utilities’ and ‘railroads’ as herein defined and provided and to require all public utilities to furnish their products and render all services exacted by the commission, or by law, and also to promulgate and enforce all orders relating to the protection, welfare and safety of railroad employees and the traveling public.”
 

 It must be conceded that under the authority granted by this section the commission had plenary power to make the order complained of, providing, of course, there was evidence to support the findings upon which the order was based.
 

 An examination of the record in this case reveals substantial evidence to support the findings of the commission.
 

 This court will not substitute its judgment for that of the commission, and will disturb its findings only when they are against the manifest weight of the evidence. In view of the evidence, the order made by the commission was neither unlawful nor unreasonable, as there was an element of danger in placing the pusher engine behind occupied cabooses. Such danger is detailed in the testimony to the effect that the engine in the rear caused the caboose in front to buckle.
 

 The expense in money and time will not be considered, when such expenditure is being made in the interest of safety to life and limb.
 

 The order of the commission applies only to pusher engines within the state of Ohio and in no wise interferes with interstate commerce.
 

 The cases of
 
 Penna. Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 109 Ohio St., 69, 141 N. E., 839, and
 
 New Torh
 
 
 *553
 

 Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 370, 175 N. E., 596, dispose of this contention.
 

 The railroad company was not denied dne process of law. It had its day in conrt. We find no error in the findings and order of the commission in this proceeding, and its order is affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Williams, Matthias, Day and Zimmerman, JJ., concur.
 

 Jones, J., not participating.