Taft, J.
In the commission’s brief it is stated:
“* * * the commission concedes its order was made and issued solely under the authority of Section 585 * * *.”
Section 585, General Code, provides:
“If, on complaint or otherwise, the commission has reasonable grounds to believe that any of the tracks, bridges, or other structures of a railroad are in a condition which renders them dangerous or unfit for the transportation of passengers, it shall forthwith inspect and examine them, and, if of opinion that they are unfit for the transportation of passengers with safety, it shall immediately give to the superintendent, or other executive officer of the company operating such road, notice of the condition thereof, and of the repairs or reconstruction necessary to place them in a safe condition. The commission may prescribe the time within which such repairs or reconstruction must be made, and the rate of speed for trains passing over such dangerous or defective track, bridge or other structure, until the repairs or reconstruction required are made. If of opinion that it is needful and proper, it may forbid the running of passenger trains over such defective track, bridge or other structure.”
Section 586, General Code, provides:
“Whoever, being the superintendent or other executive officer of a company operating a railroad, receives from the railroad commission notice of a prescribed rate of speed for trains passing over a defective track, bridge or other structure, or forbidding the running of passenger trains over such defective track, bridge or other structure, neglects for two days after receiving such notice to direct the proper subordinate officers to run the passenger trains over such defective track, *256 bridge or other structure, at a speed not greater than that so prescribed, or, if the running of a passenger train is so forbidden, to stop running passenger trains over it, or, an engineer, conductor or other employee who knowingly disobeys such order shall be fined not exceeding five hundred dollars or imprisoned in the county jail not exceeding one year, or both.”
This court is of the opinion that Section 585, General Code, does not authorize the Public Utilities Commission to issue an order restricting the speed of freight trains. No authority to do so can be inferred by any reasonable construction of the language used by the General Assembly. While the second sentence of Section 585, General Code, does authorize the commission to “prescribe * * * the rate of speed for trains,” that action is only to be taken after the commission “has reasonable grounds to believe that any of the tracks * * * or other structures of a railroad are in a condition which renders them dangerous or unfit for the transportation of passengers” and when it is “of opinion that they are unfit for the transportation of passengers with safety.” This conclusion is fortified by the provisions of Section 586, General Code, which, after referring to such “a prescribed rate of speed for trains,” then provides for a penalty with respect thereto only as to running “passenger trains * * * at a speed * * * greater than that so prescribed.”
Although the language of these statutes has been somewhat modified in the process of codification, a reading of the original enactment made in 1867 (64 Ohio Laws, 111, Section 6) leads even more definitely to the conclusion that the interpretation of Section 585, General Code, made by the commission in the instant case was erroneous.
It may also be observed that the Cooperative Legislative Committee of the Transportation Brotherhoods, in making the complaint leading to this order of the *257 commission, did not refer to Section 585, General Code, but stated that the conditions complained of “can be corrected under Section 614-3, General Code.” On a complaint under the latter section, a hearing is admittedly required. See New York Central Rd. Co. v. Public Utilities Commission, 130 Ohio St., 548, 200 N. E., 759; Akron & Barberton Belt Rd. Co. v. Public Utilities Commission, 148 Ohio St., 282, 74 N. E. (2d), 256.

Order reversed.

Weygandt, C. J., Zimmerman, Stewart, Middleton. Matthias and Hart, JJ., concur.