Taft, J.
Since the words of Section 585, General Code, do authorize the commission to prescribe the rate of speed for passenger trains passing over tracks and other structures of a railroad, where the commission is of the opinion that they are unfit for the transportation of passengers with safety, and since the order of May 7, 1951, in the instant case did in part order a restriction as to speed in the operation of passenger trains, the questions presented for consideration in the instant case are not entirely the same as those presented for consideration in the case of the same style reported ante, 254. However, for the reasons stated in that decision, the commission had no authority without a hearing to issue that part of the order of May 7,1951, in the instant case restricting the speed of freight trains.
In support of its position it is stated in the brief of the commission:
“* * * Appellant has sought a rehearing of an order which did not require an initial hearing, * * * and appellant has failed and neglected to seek relief before the commission under the statutory provisions of Sections 524 and 525, General Code, which provide that it ‘shall be entitled to be heard, represented by counsel and to have process to enforce the attendance of witnesses.’ ”
Section 524, General Code, provides so far as material:
“Upon complaint of a person * * * that any regulation or practice, affecting the transportation of persons or property, or any service in connection therewith, are in any respect unreasonable * * * the com *263 mission may notify the railroad complained of that complaint has been made, and ten days after snch notice proceed to investigate snch charges as provided in this chapter. Before proceeding to make such investigation, the commission shall give the railroad and the complainants ten days’ notice of the time and place such matters will be considered and determined, and such parties shall be entitled to be heard and to have process to enforce the attendance of witnesses.”
Section 525, General Code, provides so far as material:
“The next preceding section shall be construed to permit a railroad to make complaint with like effect as though made by any person * *
In our opinion, the railroad’s application for rehearing “in the * * * proceeding wherein the commission entered its order dated May 7, 1951,” clearly represented “a complaint” of the railroad that the speed “regulation * * * affecting the transportation of persons or property” promulgated in the commission’s order of May 7, 1951, was “unreasonable.” By denying that application and thereby refusing a hearing, the commission has failed to comply with the requirements of Sections 524 and 525, General Code.
It should be observed that, in supporting action of the commission taken under the provisions of Section 614-3, General Code, which vest the commission “with the power and jurisdiction # * * to promulgate and enforce all orders relating to the protection, welfare and safety of railroad employees and the traveling public,” this court has stated that “when the railroad company is accorded a reasonable opportunity to be heard in such matter, there is no denial of due process. ” New York Central Rd. Co. v. Public Utilities Commission, 130 Ohio St., 548, 200 N. E., 759. Furthermore, it may be observed that there a,re numerous statutory provisions indicating that the General As *264 sembly usually has contemplated hearings with respect to action of the Public Utilities Commission affecting others. See, for example, Sections 499-6, 546, 614-5 and 614-46a, General Code.
There may be instances where the urgent need of protecting the public will justify immediate action under Section 585, General Code, during a proceeding instituted for the purpose of securing an order relating to the protection, welfare and safety of the traveling public. However, in such an instance, due process certainly requires that the parties affected by such immediate action be thereafter promptly given a reasonable opportunity to be heard. Certainly, it requires that such opportunity be given before any final order is made, even where such final order is authorized by Section 585, General Code.
The orders of the commission being unlawful and unreasonable are reversed, and the cause is remanded to the commission for further proceedings in accordance with this opinion.

Orders reversed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Matthias and Hart, JJ., concur.