Stewart, J.
The single question now before us is whether Administrative Order No. 151, promulgated by the commission, was issued without jurisdiction, and, if not, whether it is arbitrary, unlawful or unreasonable.
In view of the conclusion at which we have arrived, it is unnecessary to consider any question except the jurisdiction of the commission to issue the order.
This court has reiterated, many times, the obvious truth that the commission is solely a creature of the General Assembly and may exercise no jurisdiction beyond that conferred by statute; City of Toledo v. Public Utilities Commission, 135 Ohio St., 57, 19 N. E. (2d), 162.
It follows that the commission had authority to promulgate order No. 151 only if the statutes of Ohio conferred such authority.
The commission had no authority to promulgate a rule under the Administrative Procedure Act, for the reason that such act specifically exempts the commission from its provisions. Section 119.01, Revised Code.
The sole rule-making power granted to the commission is that conferred by Section 4901.13, Revised Code, which provides :
“The Public Utilities Commission may adopt and publish rules to govern its proceedings and to regulate the matter and manner of all valuations, tests, audits, inspections, investigations and hearings relating to parties before it. All hearings shall be open to the public. ’ ’
Obviously, order No. 151 was not authorized by that section.
In New York Central Rd. Co. v. Public Utilities Commission, 115 Ohio St., 493, 154 N. E., 797, it is said in the opinion:
“The commission is an arm of the Legislature and an administrative body, having only such powers as are specifically granted. Section 499-6, General Code [Section 4901.13, Revised Code], confers upon the commission authority to adopt and publish rules to govern its proceedings, and to regulate the mode and manner of investigations, but nowhere in the statute is any power delegated to the commission to make any general rules other than for the government of its own proceedings.”
*320 Section 4905.04, Revised Code, reads:
“The Public Utilities Commission is hereby vested with the power and jurisdiction to supervise and regulate public utilities and railroads, to require all public utilities to furnish their products and render all services exacted by the commission or by law, and to promulgate and enforce all orders relating to the protection, welfare, and safety of railroad employees and the traveling public.”
It was apparently under this section that the commission proposed to promulgate Administrative Order No. 151. In fact, this court held in Baltimore & Ohio Rd. Co. v. Public Utilities Commission, 156 Ohio St., 282, 102 N. E. (2d), 246, that the authority of the commission to determine as to track clearances in railroad yards is conferred by Section 614-3, General Code (Section 4905.04, Revised Code). However, under that section the commission has no power to promulgate an order without a full hearing and the production of evidence to support the findings upon which the order is based.
In New York Central Rd. Co. v. Public Utilities Commission, 130 Ohio St., 548, 200 N. E., 759, it is said in the opinion, concerning the section:
“It must be conceded that under the authority granted by this section the commission had plenary power to make the order complained of, providing, of course, there was evidence to support the findings upon which the order was based.” See, also, New York Central Rd. Co. v. Public Utilities Commission, 157 Ohio St., 254, 105 N. E. (2d), 37; and New York Central Rd. Co. v. Public Utilities Commission, 157 Ohio St., 257, 105 N. E. (2d), 410.
In the present cause the commission presented no evidence in support of its proposed order and took the position that it was not bound to do so.
Rule 21 of the commission’s Rules of Practice reads in part:
“In proceedings initiated by the commission upon its own motion or initiative, evidence shall first be offered by the commission and any other party or parties interested in support of the relief sought in the proceedings, and thereafter the party complained against shall be afforded an opportunity to be heard and to offer evidence.”
*321 Assuredly, the railroads were not under an obligation to offer, evidence against Administrative Order No. 151 until evidence had been offered showing the necessity or desirability of its promulgation.
A reading of the record demonstrates that the purpose of the proceeding by the commission was to amend the outstanding order which it had issued in September 1950.
The authority of the commission to rescind or amend an order is granted by Section 4909.30, Revised Code, which reads: “Upon application of any person or any railroad, and after notice to the parties in interest and opportunity to be heard as provided in Section 4909.24 of the Revised Code for other hearings has been given, the Public Utilities Commission may rescind, alter, or amend an order fixing any rate, fare, charge, or classification, or any other order made by the commission with respect to a railroad. Certified copies of such orders shall be served and take effect as provided for original orders.”
In the present cause, Administrative Order No. 151 was adopted upon the initiative of the commission' itself and not as a result of the application of any person or railroad. In the absence of any such application, or of any hearing at which evidence was produced to justify the modifying of the outstanding order, it is apparent that the commission had no authority to make the order it did.
The commission relies upon the case of Craun Transportation, Inc., v. Public Utilities Commission, 162 Ohio St., 9, 120 N. E. (2d), 436, wherein this court said:
“The commission has authority to adopt rules but the General Assembly has not prescribed a procedure therefor. * * *
“The commission in the promulgation and adoption of the rules in question was not subject to the procedural requirements of Section 614-46a, General Code. The proceeding was not an adversary one as contemplated by the term, ‘ contested cases.’ No justiciable question was before the commission.”
However, the Craun case was concerned with rules relative to the leasing, renting and interchange of equipment by common and contract motor carriers, which rules were issued pursuant to specific statutory authority (Section 614-86, General Code; Section 4921.04, Revised Code), but such section gives *322 the commission no such authority in respect to railroads and track clearances.
The commission conceded in argument that, if it had no authority to issue order No. 151 as an administrative order which does not affect the substantial rights of the railroads, and if the order is one which could be issued only as the result of a contested case, the order is defective in that the commission entered it without filing a written opinion setting forth the reasons prompting the decision arrived at, together with a resume of the facts upon which its decision was based, as required by Section 4903.09, Revised Code. See New York Central Rd. Co. v. Public Utilities Commission, 155 Ohio St., 337, 98 N. E. (2d), 833; and Commercial Motor Freight, Inc., v. Public Utilities Commission, 156 Ohio St., 360, 102 N. E. (2d), 842.
The order of the commission is reversed.

Order reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman and Bell, JJ., concur.