Per Curiam.

Appellant contends that the order is contrary to the weight of the evidence, is not supported by sufficient evidence and is not based on any finding of fact, and that the order is unreasonable and unlawful because its indefinite and incomplete requirements afford appellant no standard for compliance.
The Public Utilities Commission has plenary power under Section 4905.04, Revised Code, to promulgate and enforce orders relating to the protection, welfare and safety of railroad employees. New York Central Rd. Co. v. Public Utilities Commission, 130 Ohio St., 548, 200 N. E., 759; Baltimore & Ohio Rd. Co. v. Public Utilities Commission. 156 Ohio St., 282, 102 N. E. (2d), 246.
In considering cases such as the instant one, in which there is conflicting testimony, this court will not substitute its opinion or judgment for that of the commission on questions of fact, and an order of the commission will not be reversed unless it is manifestly against the weight of the evidence. Baltimore & Ohio Rd. Co. v. Public Utilities Commission, supra. From an examination of the record this court is of the opinion that the order of the commission is not manifestly against the weight of the evidence.
Appellant’s contention with respect to the order being unreasonable and unlawful because its indefinite and incomplete .requirements afford no standard for compliance is refuted by an examination of the order. The controlling issue is the need for sanitary facilities for the northern portion of the yard, and the commission, in its order, directed appellant to “prepare plans and specifications for the toilet and washroom facility in line with finding (3) of the attorney examiner and reiterated by this commission.” It is then ordered that a copy of such plans and specifications be filed -with an estimate of time required to complete the facility and with evidence of mutual agreement as to the exact location of the facility.
*243 This court is of the opinion that the order of the commission is not unreasonable or unlawful, and it is, therefore, affirmed.

Order affirmed.

WeygaNdt, C. J., ZimmermaN, Stewart, Bell, Taft, Matthias and Herbert, JJ., concur.